FROM THE DESK OF:

# IRENE GRIFFIN

15263 Merle Ct., Brooksville, FL 34613
Tel: 352 593-4283 email: pgriffin34@tampabay.rr.com www: www.griffin-house.com

**To: Judge Paul A Englemayer- Courtroom: 18C**
**Daniel Patrick Moynihan**
**United States Courthouse**
**500 Pearl St.**
**New York, NY 10007-1312**
**Chambers Phone: (212) 805-0268**
**Deputy Phone: (212) 805-0132**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/24/12



RECEIVED
MAY 22 2012
PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

May 18, 2012

**Re: case # 1:10-cv-07123-PAE** Kollel Mateh Efraim, LLC et al v. Kollel Mateh Efraim, LLC
**Issue Before the Court:** Settlement

Dear Judge Englemayer,

I am writing to you to try and understand, what happened to Liberty and Justice for all? My husband is a combat veteran and he fought for these basic, American principles. Or, is it only for the rich?

I started a small company, Helen-May Holdings, LLC in order to buy a small resort property. We named it, The Meadows. It was to be an investment for our retirement. We thought that things were going well when we entered into contract of sale with assignees of the religious corporation, Kollel Mateh Efraim, Jack Lefkowitz, Rabbi Steinwurtzel Aaron Fixler, etc. We met with Rabbi Steinwurtzel who introduced us to his family. He said how happy they were to be buying this lovely resort, The Meadows. With the help of our attorneys, we made what eight years later we know was the biggest mistake of our lives. We entered into what we believed was an airtight occupancy agreement until they would close on the contract.

On October 4th, 2004, they declared chapter 11 bankruptcy with a company that did not exist. That was only the beginning of this terrible fraud. They sat on our property for nearly five years while lawyers sent in motions, got adjournments, etc...and we were not permitted on the property without an order from the court.

My husband and I have been self-employed all of our lives. We built an award winning Bed & Breakfast, (The Griffin House Bed & Breakfast of Jeffersonville, NY) from the ground up. We have now lost it in a foreclosure with mortgages in an attempt to hold onto The Meadows throughout this ordeal. Now, we have lost the Meadows in a foreclosure to MEW Equities, LLC the mortgage holder Martin Wydra. We have lost everything that we worked a life time to achieve. We are living in a friends house on food stamps and Medicaid...a cloud hangs over us as the house is up for sale. I have a judgment and a restraining notice to garnishee for just under $2,000,000.00. I am seventy years old. If I could even get a job, MEW would take whatever I earn. With the help of modern technology, we have seen the homes and synagogue of these religious people? Forgive me if I sound bitter, but they have taken my entire life's work.

I have also seen the offer of settlement, only through the hard work and research of my husband. No one mentioned this case to us at all and that a trial was pending.

I do not know, and I find it hard to understand how the trustee, (Robert Geltzer and Robert Wolf- representing the estate of the debtor) ended up with the one judgment in my favor from Judge Bernstein in the amount of: $245,000.00 and also our adversary proceedings. We were pressured by the trustee and our attorney, David Carlebach to withdraw our sanctions motion which laid bare the entire fraud. We have not heard from David Carlebach in over a year, and do not consider that he represents us at this time. He convinced us to give the trustee what he referred to as "a war chest" so that the trustee would fight for us. Looking back, it seems that they were not working in our best interests.

I have seen the so called settlement agreement through my husband's research…I cannot agree to settle if it does not put a roof back over our heads and settle our associated debts. Our reputation in business and our credit standing have been ruined. The trustee seems to be solely concerned about his own administrative fees and the financial well being of the debtor. He has completely ignored the fraudulent actions of the debtor and the damage that they have caused to the creditor. With all that we have seen, they seem to now reject the jury trial that they both so eagerly sought.

My question remains, how does this major fraud pass the "smell test" as Judge Bernstein once stated.

Yours Sincerely & Hopefully,

*[signature]*
Irene Griffin

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
----------------------------------------x
MEW EQUITY, LLC,

                        Plaintiff,        INDEX NO. 440/07

                                        NOTICE OF ENTRY

          -against-


HELEN MAY HOLDINGS, LLC, IRENE CLAIRE
GRIFFIN, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE AND ROBERT L.
GELTZER, AS CHAPTER 7 TRUSTEE OF KOLLEL
MATEH EFRAIM, LLC, a/k/a KOLLEL MATEH
EFRAIM, a/k/a MATEH EPHRAIM LLC, a/k/a
KOLEL MATEH EFRAIM, a/k/a KOLEL MATEH
EFRAIM, LLC, a/k/a KME,LLC,

                        Defendants.
----------------------------------------x

     PLEASE TAKE NOTICE, that the within is a true copy of an Judgment duly entered in the Office of the Clerk of the within named Court on the 31st day of August 2010.


Dated:  Garden City Park, New York
       September 13, 2008

                                              SCOTT A. ROSENBERG, P.C.
                                              By: _____
                                              Scott A. Rosenberg, Esq.
                                              Attorneys for Plaintiff
                                              2400 Jericho Turnpike
                                              Suite 201
                                              Garden City Park, NY 11040
                                              (Tel) 516-877-7205
                                              (Fax) 516-213-3441

To: Helen May Holding, LLC
c/o Scher & Scher, P.C.
Robert A. Scher, Esq.
111 Great Neck Road, Suite 206
P.O. Box 376
Great Neck, New York 11021

Irene Claire Griffin
c/o Scher & Scher, P.C.
Robert A. Scher, Esq.
111 Great Neck Road, Suite 206
P.O. Box 376
Great Neck, New York 11021

Irene Claire Griffin
27 Maple Avenue
Jeffersonville, New York 12748

Robert L. Geltzer, Trustee
c/o Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104

New York State Dept. of Taxation & Finance
Office of the attorney General
Donald E. Shehigian
Real Property Bureau, The Capitol
Albany, New York 12224

At a Trial Term, Part _____ of the
Supreme Court of the State of New York,
held in and for the County of Sullivan
at the Sullivan County Courthouse, 414 Broadway,
Monticello, New York 12701
on the 31st day of August, 2010.

P R E S E N T :

    HON. Robert A. Sackett

-----------------------------------------X
MEW EQUITY, LLC.

                    Plaintiff(s),

                                            Index No.: 440/2007

        - against -                            JUDGMENT

HELEN MAY HOLDINGS, LLC., IRENE CLAIRE
GRIFFIN, DEPARTMENT OF TAXATION AND
FINANCE, AND ROBERT L. GELTZER, AS
CHAPTER 7 TRUSTEE OF KOLLEL MATEH
EFRAIM, LLC, a/k/a KOLLEL MATEH EFRAIM
LLC, a/k/a KOLEL MATEH EFRAIM a/k/a KME,
LLC,,

                     Defendant(s).
-----------------------------------------X

       A motion having been duly made at a Special Term, Part of this Court, held at the Supreme Courthouse in the County of Sullivan on the 19th day of April, 2010 for an Order confirming the Referee's Report of Sale herein, and making absolute and binding forever the sale therein mentioned and for an Order granting and directing the Clerk of this Court to enter a deficiency judgment herein in favor of the plaintiff, and against the defendant(s), HELEN MAY HOLDINGS, LLC. and IRENE CLAIRE GRIFFIN, and, the plaintiff having appeared by Scott A. Rosenberg, P.C., with offices at 2400 Jericho Turnpike, Suite 201, Garden City Park, New York

11040, and the defendants(s) HELEN MAY HOLDINGS, LLC. and IRENE CLAIRE GRIFFIN having appeared by Scher & Scher, P.C., with offices at 55 Water Mill Lane, Suite 400, Great Neck, New York 11021, an there having been had due deliberation thereon, and the Court having rendered its decision in writing by the Honorable ROBERT A. SACKETT, dated June 23, 2010, fixing as the value for the premises $1,100,000.00 (one Million) Dollars as of the date of the Referee's Sale;

NOW, on motion of Scott A. Rosenberg, P.C., 2400 Jericho Turnpike, Suite 201, Garden City Park, New York 11040, attorneys for plaintiff, it is

ADJUDGED that plaintiff whose address is 8313 Bay Parkway, Brooklyn, New York, do recover of defendant HELEN MAY HOLDINGS, LLC., and IRENE CLAIRE GRIFFIN, the sum of $1,161,776.90 with interest thereon from June 23, 2010, and that plaintiffs have execution therefor; and it is further

ADJUDGED that the Report of sale of the Referee, Lisa Swift, and filed with the Clerk of the Court be and the same hereby is ratified, confirmed and made absolute and binding forever, and it is further

ADJUDGED that the Clerk of this court enter and docket this Judgment in favor of the plaintiff, and against defendant(s) HELEN MAY HOLDINGS, LLC., and IRENE CLAIRE GRIFFIN, as hereinbefore stated.

Dated: ~~Westbury~~ Monticello, New York
       ~~July 10,~~ August 31 2010

_____
Hon. Robert A. Sackett, J.S.C.

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Kollel Mateh Efraim, LLC, aka, Mateh Ephraim, LLC, Kolel Mateh Efraim | Case Number: 04-16410 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Helen-May Holdings, LLC

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Law Offices Of David Carlebach, 40 Exchange Place, Suite 1306, New York NY 10005

Court Claim Number: _____
(*If known*)

Telephone number:
(212) 785-3041

Filed on: _____

Name and address where payment should be sent (if different from above):
See Addendum Attached hereto for all of Amounts of This proof of Claim Requested in items 1-7 below

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**   $_____3,042,500.00_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____245,779.00_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FOR COURT USE ONLY

Date: 04/17/2008

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

s/Irene Griffin, Managing Member

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Addendum to Helen-May Holdings Proof of Claim

### Liquidated Chapter 11 Administration Claims

**$1,642,500.00**
Basis: per diem $1,500.00 a day pursuant to terms of June 3, 2004, Letter Agreement and per July 20, 2005, Ruling by Judge Bernstein. This amount shall be reduced by secured portion of this claim also based on adequate protection order.

**$900,000.00**
Basis: $100,000.00 per month for filing of Lis Pendens pursuant to terms of June 3, 2004, Letter Agreement, and as per Judge Bernstein's ruling on April 3, 2004, that lifting of stay order was limited to eviction proceeding by Helen-May. Additional basis may exist if Court finds that Debtor's contract rights terminated pre-petition. This number may increase with time.

**$500,000.00**
Basis: Approximate amount of total attorneys fees incurred by Helen-May, due and owing Pursuant to terms of June 3, 2004, Letter Agreement. [These fees are also damages caused by Debtor's breach of contract and related conduct set forth below].

### Un-liquidated Chapter 11 Administration Damage Claims

**Property Neglect and Damage:** *Appraisals*
The Debtor during the term of its occupancy actually altered without authority and otherwise damaged the premises. The Debtor also failed to maintain the Property resulting in significant damage and loss of value.

**Mortgage Debt Increase:**
At the time of the filing of the Chapter 11 petition the mortgage was $715,000.00. That indebtedness has increased to approximately $1,800.000.00. Helen-May has had to incur this increase to avoid foreclosure of the Property.

**Other Costs:**
Helen may has had to front various costs such as insurance and other expenses as a result of the debtor's failure to pay these obligation.

**Loss of Business Opportunities:**
During the pendency of the Chapter 11 Case the Debtor has had offers on the meadows for as high as $3,800,000.00. Those opportunities were lost as a result of the Debtor's conduct.

**General Financial Damages to Helen May and its Principal:**
As a result of the Debtor's conduct Helen-May and its Principal have had to expend all of their personal resources to save the Property. They have also incurred damages to their credit ratings and business reputations. Indeed, the Debtor's conduct has proximately caused the financial ruin of Helen-May and its principal.

**Amount of Above Stated Damages:**

The total amount of all these damages is undetermined at this time. Some of these claims may also be viewed as pre Chapter 11 petition as well as post-chapter 11 petition. Said allocation is also undetermined at this time.

## Secured Claims

$245,779.00 plus Judgement Interest.
Basis: Bankruptcy Court Judgement.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _DEFINITIONS_

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _INFORMATION_

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.